# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| ASSOCIATED ELECTRIC COOPERATIVE, INC., ) ) ) Plaintiff, ) ) v. ) ) INTERNATIONAL BROTHERHOOD OF ) ELECTRICAL WORKERS, LOCAL NO. 53, ) ) Defendant. ) | No. 2:12CV00016 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on remand from the Eighth Circuit.

In 2011, Plaintiff Associated Electric Cooperative, Inc. terminated its employee, Leo Johnson. Defendant International Brotherhood of Electrical Workers, Local No. 53 grieved Johnson's termination. The Arbitrator sustained the grievance in full, ordering Johnson's reinstatement with back pay starting from the date of Johnson's original suspension.

Plaintiff filed suit in this Court, seeking to vacate the Arbitrator's award. The Court granted Plaintiff's Motion for Summary Judgment, and Defendant appealed. On appeal, the Eighth Circuit reversed, ordering enforcement of the Arbitrator's award with one exception; the court stated it would not enforce the portion of the award granting back pay from the day Johnson was suspended until the day he was discharged. With this exception, the Eighth Circuit instructed this Court to "enter final judgment enforcing the [A]rbitrator's award" [ECF No. 33 at 9 (Eighth Circuit opinion)]. Since the Eighth Circuit's ruling, this Court has held a number of status conferences with the parties. Although the parties have worked together and agreed on

payment amounts for back wages and health insurance,[1] Johnson has refused to accept a check for the agreed-upon amount. Further, Johnson has filed a retaliation complaint with OSHAA, and he also believes himself to be entitled to benefits from a long-term disability plan, the premiums for which Plaintiff has already paid.

Although various new issues have arisen since the Eighth Circuit issued its ruling, this Court's task remains simple: follow the Eighth Circuit's instructions. Importantly, this Court has not been instructed to oversee negotiations between the parties or resolve disputes over the amount of money to be paid. Rather, Plaintiff brought this suit in hopes the arbitrator's award would be vacated, and the Eighth Circuit has instructed this Court "to enter final judgment enforcing the arbitrator's award, as modified in accordance with [its] opinion" [ECF No. 33 at 9 (Eighth Circuit opinion)].[2] With this limited task in mind, the Court enters final judgment in favor of the Plaintiff, in part, and also enters final judgment in favor of the Defendant, in part. Plaintiff need not pay back wages for the period between Johnson's suspension and his termination. This is the only portion of the arbitrator's award vacated by the Court. In all other aspects, the arbitrator's award is upheld.

It is so Ordered.

Dated this  18th  Day of November, 2014.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] To be clear, the parties actually agreed that no health insurance payment would be made.
[2] As noted above, the modification here is a refusal "to enforce the portion of the award granting Johnson back pay from the day he was suspended until the day he was discharged" [ECF No. 33 at 9 (Eighth Circuit opinion)].